(No. 75-CC-0634—)

INEX WILLIAMS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 15, 1979.*

JOEL M. GREENBURG, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This is an action to recover for personal injury sustained by Claimant on December 16, 1972, when she fell into a hole in the basement of an apartment building owned by the Medical Center Commission.

From the evidence introduced at the hearing on June 11, 1976, it appears that Claimant was a tenant in an apartment building located at 525 South Bell Avenue, Chicago, Illinois.

On December 16, 1972, the lights in Claimant's first floor apartment went out. Claimant obtained fuses from her apartment and then proceeded to the apartment of Mrs. Erie Stevenson, also a tenant, to get the keys for the basement in order to change the fuses. Since Claimant had never been to the basement prior to this time, Mrs. Stevenson gave her directions to it. Claimant then proceeded to the basement with the keys, fuses and a book of matches. Upon reaching the basement, the Claimant unlocked the door and started searching the wall for a light switch. After taking one step, Claimant fell over a number of cans and into a hole, thereby injuring herself.

The pictures introduced in evidence on behalf of Claimant disclose a very hazardous situation. The fuse box is adjacent to an open sump pump and directly beneath the fuse box are a number of paint cans. To get to the fuse box, it was necessary to maneuver around several of the empty paint cans and if a person stepped too far, he would fall into the sump. The pictures also show a debris of hoses, buckets, and other materials lying on the floor close to the fuse box.

It appears there was no other alternative for the Claimant — she could either go without electricity in her apartment or try to replace the blown fuse. She did

what any reasonable person would do under the same circumstances — tried to restore electricity to her apartment — and in doing so, she either stumbled or fell over the debris around and under the fuse box.

Claimant sustained an injury to her right knee and also to her chin. Six stitches were required to close the wound on her knee which was sore for approximately one month. There is presently a keloid scar on her knee. Her knee was bandaged for approximately three weeks and at the time of the hearing was still discolored.

At the time of the injury, Claimant was on Public Aid so there was no loss of wages as a result of the injury.

Respondent alleges that Claimant was guilty of contributory negligence and was not in the exercise of due care and caution for her own safety and that as a result of the lack of precautions on her part, the injury complained of resulted.

Respondent relies on the exculpatory clause in the lease between Claimant and Respondent. It did appear that Claimant, being on Public Aid and desperate for housing, would sign anything presented to her in order to secure shelter. It was a case of desperation and limited resources that led to the signing of the lease.

The sole question before the Court, therefore, is whether Claimant acted in a manner similar to the way other persons would act under similar circumstances.

This occurrence took place late in the afternoon in December and without janitorial services or management being present. She was left to her own resources to try and restore electricity because her lights and other facilities were dependent upon said electrical power.

It is the Court's opinion that this Claimant did what any other reasonable person would do under similar circumstances; that is, try to restore electrical power and service. As a result of her efforts, she sustained the injuries complained of.

An award is hereby entered in favor of Claimant in the amount of $2,500.00.